IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| VAL-COM ACQUISITIONS TRUST, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:10-CV-449-A |
| | § | |
| WELLS FARGO BANK, NATIONAL ASSOCIATION, | § | |
| | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Now before the court for decision are the following motions filed by defendant, Wells Fargo Bank, National Association: (1) motion for summary judgment; and (2) motion for sanctions. Plaintiff, Val-Com Acquisitions Trust, filed responses to both motions. Having considered the motions, plaintiff's responses, the entire record in this case, and applicable legal authorities, the court concludes that the motion for summary judgment should be granted, but that the motion for sanctions should be denied.[1]

I.

Background and the Summary Judgment Motion

This is one of several similar removed actions initiated by plaintiff in the district courts of Tarrant and other counties.

---

[1] Defendant also filed a motion to strike plaintiff's summary judgment evidence. Rather than rule on the motion, the court will give the disputed evidence whatever weight and consideration it deserves.

The original petition, filed May 21, 2010, named Val-Com Acquisitions Trust and Robert T. La Penna ("La Penna") as plaintiffs. La Penna was dismissed from the case on August 16, 2010, as a sanction for his failure to appear at a court-ordered settlement conference.

The limited factual allegations, taken from the petition and documents submitted in support of the summary judgment motion, are undisputed. La Penna submitted a loan application to defendant's predecessor for the purchase of a personal residence in Arlington, Texas. In connection with the loan transaction, La Penna was the maker of a note in the amount of $117,700.00, payable to the lender, BSM Financial, L.P., d/b/a Banksource Mortgage. As security for payment of the note, La Penna also executed a deed of trust naming as beneficiary Mortgage Electronic Registration Systems, Inc., as nominee for the lender. La Penna executed the note and deed of trust on April 29, 2005.

Plaintiff acquired the subject property from La Penna by general warranty deed dated December 23, 2009, subject to the note and deed of trust.[2] Defendant is the current servicer of the note and the beneficiary under the deed of trust.

---

[2] These allegations, stated in the response brief, are unsupported by affidavit or other evidence. However, defendant does not appear to dispute the allegations, and the court accepts them as true for purposes of the summary judgment motion.

The petition alleges that the loan proceeds obtained by La Penna from defendant's predecessor were for the purchase of a personal residence, thus bringing the loan transaction within the purview of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), and its implementing regulations, Regulation Z, 12 C.F.R. Part 226 et seq., and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. ("RESPA"). Plaintiff contends that "on information and belief, and based on the performance of a preliminary audit of the loan documents and closing documents," defendant's predecessor violated TILA, Regulation Z, and RESPA, by failing to provide La Penna with disclosures and failing to comply with other procedures required by those statutes or regulations. Notice of Removal, Ex. B2, Pl.'s Orig. Pet. at 4.

Plaintiff seeks to recover damages from defendant for the alleged violations of TILA, including Regulation Z, and RESPA, for fraud in a real estate transaction pursuant to section 27.01 of the Texas Business and Commerce Code, and also seeks declaratory and injunctive relief.

Defendant moved for summary judgment on the grounds that: plaintiff lacks standing to assert claims against defendant; plaintiff's TILA claims fail because they are barred by

limitations, plaintiff did not properly plead rescission under TILA, and defendant cannot be held liable for acts of the original lender; plaintiff's RESPA claims are barred by limitations, and plaintiff has failed to plead facts to support such claims; plaintiff's claim for fraud in a real estate transaction fails as a matter of law; plaintiff is not entitled to declaratory or injunctive relief; and, plaintiff is not entitled to an award of attorney's fees.[3] Plaintiff responded only to defendant's argument concerning plaintiff's request for declaratory judgment.

## II.

### Applicable Summary Judgment Principles

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247 (1986). The moving party has the initial burden of showing that there is no genuine issue of material fact. <u>Anderson</u>, 477 U.S. at 256. The movant may discharge this

---

[3] Plaintiff on August 13, 2010, filed a motion to file amended complaint, in which plaintiff sought to add a claim for negligent misrepresentation. The court did not rule on the motion, but now concludes that it should be denied as moot. Accordingly, the court need not consider defendant's summary judgment arguments for dismissal of the negligent misrepresentation claim.

burden by pointing out the absence of evidence to support one or more essential elements of the non-moving party's claim "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 323-25 (1986).

Once the moving party has carried its burden under Rule 56(c), the non-moving party must do more than merely show that there is some metaphysical doubt as to the material facts. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial. Anderson, 477 U.S. at 248, 256. To meet this burden, the nonmovant must "identify specific evidence in the record, and [] articulate the 'precise manner' in which that evidence support[s] [its] claim[s]." Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994). An issue is material only if its resolution could affect the outcome of the action. Anderson, 477 U.S. at 248. Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment. Simmons v. Lyons, 746 F.2d 265, 269 (5th Cir. 1984).

III.

Analysis

A. Limitations Bars Plaintiff's Claims Under TILA and for Fraud in a Real Estate Transaction[4]

Defendant contends that plaintiff's claims pursuant to TILA and for fraud in a real estate transaction are barred by limitations. Plaintiff raised nothing in response to these arguments.[5]

A claim for violation of TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). Plaintiff claims defendant's predecessor violated unnamed provisions of TILA by failing to provide unspecified disclosures and failing to comply with unidentified procedures.

Under TILA, disclosures are required to be made by the lender at the time the loan transaction is consummated between the consumer and the lender. Id. at § 1639(b); Moor v. Travelers Ins. Co., 784 F.2d 632, 633 (5th Cir. 1986). "Nondisclosure is

---

[4] Plaintiff did not allege a separate cause of action for violation of Regulation Z.

[5] Defendant notes that plaintiff in its proposed amended complaint attempts to argue that equitable tolling or the discovery rule should toll the limitations period as to plaintiff's TILA and RESPA claims. Plaintiff did not raise the tolling argument in its response to the motion for summary judgment, nor has the court granted plaintiff leave to file the amended complaint; thus the tolling argument is not properly before the court.

6

not a continuing violation for purposes of the statute of limitations." Moor, 784 F.2d at 633 (citations and quotation marks omitted). La Penna completed the loan transaction at issue on April 29, 2005. Any claim alleging a violation of TILA was required to be brought within one year, by April 29, 2006. Plaintiff's TILA claim, brought May 21, 2010, is barred by limitations.[6]

As to plaintiff's claim for fraud in a real estate transaction pursuant to section 27.01 of the Texas Business and Commerce Code, such a claim is governed by a four-year statute of limitations. Tex. Civ. Prac. & Rem. Code § 16.004(a)(4) (West 2002); Ford v. Exxon Mobil Chem. Co., 235 S.W.3d 615, 617 (Tex. 2007) (applying four-year limitations period to claims under Tex. Bus. & Com. Code § 27.01). Such a claim accrues "when the fraud should have been discovered by reasonable diligence." Id. The petition alleges that defendant's predecessor made false representations "[i]n connection with [] La Penna's execution and delivery of the Note and Deed of Trust pursuant to the loan application," and that such misrepresentations were "manifest in the loan documents and closing documents relating to the Note and

---

[6] While the petition does not appear to seek rescission under TILA, any such claim would also be barred by the three-year limitations period in 15 U.S.C. § 1635(f).

Deed of Trust." Notice of Removal, Ex. B2, Pl.'s Orig. Pet. at 7-8.

Limitations on plaintiff's claim for fraud in a real estate transaction thus began to run on April 29, 2005, because plaintiff should have discovered such facially apparent misrepresentations at the time of the transaction involving the documents. The instant action, filed more than five years later, is barred by limitations.

B.  Plaintiff's RESPA Claims Fail

Defendant argues that plaintiff's claims pursuant to RESPA are likewise barred by limitations. Claims of RESPA violations must be raised within either one or three years of the date a violation occurred, depending on the provision alleged to have been violated. 12 U.S.C. § 2614. Defendant is likely correct regarding limitations, inasmuch as plaintiff's claims, filed five years after the date of the transaction at issue, would appear to be time-barred under any statutory provision.

The court finds it unnecessary to reach the limitations question, however, as plaintiff has failed to allege anything as would support a claim under any provision of RESPA. The petition fails to allege the statutory provision or provisions allegedly violated by defendant, fails to allege any facts sufficient to

state a RESPA violation, and instead pleads only legal conclusions. Nothing in the record before the court establishes any genuine issue of material fact as to plaintiff's RESPA claims, and summary judgment is warranted as to those claims.

C.   Claims for Declaratory and Injunctive Relief Fail

The petition seeks relief under the Texas Uniform Declaratory Judgments Act, section 37.002 of the Texas Civil Practice & Remedies Code. The Texas act is a procedural, rather than substantive, provision, and would generally not apply to a removed action such as this one. See Utica Lloyd's of Tex. v. Mitchell, 138 F.3d 208, 210 (5th Cir. 1998). Application of either the Texas or federal act leads to the conclusion that plaintiff is not entitled to declaratory relief.

Both the Texas and federal declaratory judgment acts are procedural devices that create no substantive rights. Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 239-41 (1937); Texas Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 444 (Tex. 1993). Both the Texas and federal acts require the existence of a justiciable controversy. Aetna, 300 U.S. at 239-41; Bonham State Bank v. Beadle, 907 S.W.2d 465, 467 (Tex. 1995). However, plaintiff has alleged no facts that would lead to the conclusion that a present controversy exists between it and defendant.

Likewise, to prevail on its request for injunctive relief, plaintiff is required to plead and prove, inter alia, "a substantial likelihood of success on the merits." DSC Commc'ns Corp. v. DGI Techs., Inc., 81 F.3d 597, 600 (5th Cir. 1996). Plaintiff's failure to do so warrants summary judgment.

* * * * *

Although the court need not reach the other arguments for summary judgment asserted in the motion, a preliminary review indicates that defendant would be entitled to summary judgment on those grounds as well.

IV.

Motion for Sanctions

Defendant brought its motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure and under the court's inherent power to sanction a party for acting in bad faith. Defendant seeks sanctions against plaintiff, La Penna, and plaintiff's counsel, Stephen Tiemann ("Tiemann"). The majority of defendant's motion pertains to conduct by plaintiff, La Penna, and Tiemann that purportedly violates Rule 11(b).

Prior to the filing of a motion for sanctions concerning conduct that has allegedly violated Rule 11(b),

10

> [t]he motion must be served under Rule 5, but it must
> not be filed or be presented to the court if the
> challenged paper, claim, defense, contention, or denial
> is withdrawn or appropriately corrected within 21 days
> after service or within another time the court sets.

Fed. R. Civ. P. Rule 11(c)(2). The rule thus contemplates a twenty-one day "safe harbor" during which an attorney may correct or withdraw the challenged document. Compliance with the twenty-one day service requirement is mandatory prior to awarding sanctions under Rule 11. Elliott v. Tilton, 64 F.3d 213, 216 (5th Cir. 1995).

Not only does defendant not allege that it complied with the twenty-one day service requirement, the motion for sanctions conclusively shows otherwise. According to the certificate of service, defendant mailed the motion for sanctions to Tiemann on September 14, 2010, the same day the motion was filed with the court. Defendant thus failed to comply with the twenty-one day service provision of Rule 11(c)(2). Such failure requires denial of the motion for sanctions under Rule 11.

Defendant also seeks sanctions pursuant to the court's inherent power to impose sanctions for actions taken in bad faith. Defendant offers nothing but its own opinion that plaintiff, La Penna, and Tiemann acted in bad faith in bringing

11

the instant suit. The court finds defendant's conclusory assertion insufficient to sustain an award of sanctions.

V.

Order

Therefore,

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted, and that all claims and causes of action asserted by plaintiff, Val-Com Acquisitions Trust, against defendant, Wells Fargo Bank, National Association, be, and are hereby, dismissed with prejudice.

The court further ORDERS that defendant's motion for sanctions be, and is hereby, denied.

SIGNED October 6, 2010.

JOHN McBRYDE
United States District Judge